**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KPG Healthcare LLC, | No. CV-25-00769-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| LaborEdge LLC, | |
| Defendant. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff KPG Healthcare, LLC alleges in the complaint that it is "an Arizona limited liability company, with its principal place of business in Scottsdale, Arizona" and that Defendant LaborEdge, LLC is "a Michigan-based limited liability company." (Doc. 1 ¶ 4, 5.)

These allegations are insufficient to establish diversity jurisdiction. A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). But this is not the standard for establishing the citizenship for diversity purposes of an LLC. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

The Court recognizes that on the same date that Plaintiff filed the complaint, Plaintiff also filed a corporate disclosure statement properly identifying the citizenship of all of its members. (Doc. 3.) Additionally, Defendant has since appeared in this action and filed a corporate disclosure statement properly identifying the citizenship of all of its members. (Doc. 9.) Nevertheless, the rule in the Ninth Circuit is that "with respect to a limited liability company, the citizenship of all of the members must be *pled*." *NewGen, LLC*, 840 F.3d at 611 (emphasis added). *See also Doe v. Hosbach*, 2024 WL 5146855, *3 n.5 (D.N.J. 2024) ("The Court recognizes that Plaintiff filed a Diversity Disclosure Statement listing her state of citizenship as Pennsylvania, but where the facts establishing complete diversity do not appear on the face of the complaint, it is defective from a jurisdictional standpoint.") (cleaned up). *See generally* Fed. R. Civ. P. 8(a)(1) ("A pleading . . . must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . .").

Plaintiff must file an amended complaint[1] that affirmatively alleges the citizenship of each member, using the proper legal standard—the amended complaint must include the place of domicile[2] for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

Accordingly,

**IT IS ORDERED** that by **May 14, 2025**, Plaintiff shall file an amended complaint establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant need not respond to the complaint and shall instead respond to the amended complaint within 14 days after the amended complaint is filed.

**IT IS FURTHER ORDERED** that the parties' stipulation to extend the deadline to respond to the complaint (Doc. 12) is **denied as moot** in light of this order.

Dated this 30th day of April, 2025.

Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if it chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

[2] An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59.